UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GABRIEL MILLS,

                Plaintiff,                      **Hon. Hugh B. Scott**

                                                    98CV34A

                                                    **Order**

            v.

LT. J. FENGER,
DET. D. DILL,
DET. HASSETT,

                Defendants.

Before the Court is the parties' joint motion to schedule a video conference between counsel and plaintiff (Docket No. 76). In particular, counsel request that the Court issue a Writ of Habeas Corpus <u>ad Testificandum</u> upon the Warden of the Federal Correctional Institution Marianna (<u>id.</u> Ex. A) at Marianna, Florida, in the Northern District of Florida. The parties also seek an Order to allow them to use the Court's teleconferencing facilities for this video conference (Docket No. 76, Pl. Atty. Aff. WHEREFORE Cl.).

An initial issue is whether this Court has jurisdiction over the Warden of FCI Marianna to order him to produce plaintiff for this conference or whether a writ of habeas corpus <u>ad testificandum</u> has extraterritorial effect to reach the Warden in the Northern District of Florida. Parties were to brief this jursidictional issue by May 7, 2008 (Docket No. 77; <u>see</u> Docket No. 78, Pl. Memo.).

DISCUSSION

This writ is sought to conduct a settlement negotiating session with plaintiff, an inmate at Marianna proceeding in forma pauperis (see Docket No. 4) through appointed counsel (see Docket Nos. 28, 69), by a video teleconference (see Docket No. 76, Pl. Atty. Aff. ¶¶ 8, 9). Neither counsel have the resources to go to Florida to meet with plaintiff (id. ¶¶ 9, 15-17). Plaintiff's counsel cites another case in this District where the writ of habeas corpus ad testificandum was issued to have an inmate witness appear via video conference to testify at a trial (id. ¶ 11, citing Preslar v. Tan, No. 00CV6103, Docket Nos. 76, 77). Preslar is distinguishable, however; the witness there sought to testify at trial was incarcerated in New York State custody (in a facility in the Southern District of New York) and the defendants in Preslar were employees of the New York State Department of Correctional Services, Preslar, supra, Docket Nos. 74 (motion for writ), 76 (text Order granting writ), 77 (video conference Order). Thus the entity served with the writ was a party and within the jurisdictional range of the Court, see Fed. R. Civ. P. 4(k)(1)(A).

While a video conference may be beneficial to ultimate resolution of this decade-old case (by facilitating a "face-to-face" interchange with the parties, cf. Docket No. 76, Pl. Atty. Affirm. ¶ 18) and while an Order compelling such a conference and plaintiff's participation therein is within the powers of a Magistrate Judge under 28 U.S.C. § 636(b)(1) if all parties were within this District (cf. Docket No. 78, Pl. Memo. at 4), the question here is whether this Court has the jurisdiction over the Warden of FCI Marianna (in another judicial district) to compel him to produce plaintiff to the Satellite Camp to participate in the negotiating session. Can this Court extraterritorially issue a writ to compel plaintiff's production? The Warden is not a party and

plaintiff's federal incarceration is not before this Court. Although the writ sought is habeas corpus ad testificandum, plaintiff is not sought to testify in any proceeding.

Plaintiff filed a memorandum of law in support of the motion (Docket No. 78), serving a copy upon the United States Attorney for this District[1] as well as defense counsel (id., Cert. of Service). Citing Carbo v. United States, 364 U.S. 611 (1961), plaintiff argues that this Court may issue an extraterritorial writ of habeas corpus ad testificandum, by analogy to the writ of habeas corpus ad prosequendum accorded extraterritorial effect in Carbo (Docket No. 78, Pl. Memo. at 1-2). He also cites subsequent circuit opinions outside of the Second Circuit that uphold the extraterritorial scope of the writ of habeas corpus ad testificandum (id. at 2-3, citing cases), as well as instances in which the Second Circuit noted the issuance of such writs (id. at 3 & n.1, citing Rivera v. Santirocco, 814 F.2d 859, 860 (2d Cir. 1987) (Southern District of New York to obtain witness incarcerated in Northern District of New York); United States v. McIntyre, 396 F.2d 859, 860-61 (2d Cir. 1968) (Southern District of New York to obtain witness incarcerated in Northern District of New York); United States v. Taylor, 562 F.2d 1345, 1361 (2d Cir. 1976) (Southern District of New York to obtain witness incarcerated in Virginia, but witness ultimately not produced); United States v. Oliver, 523 F.2d 253, 257 (2d Cir. 1975) (obtaining witness in Michigan for trial in Western District of New York)) and a recent reported decision where a district court within this Circuit granted that writ (id. at 3-4, citing Atkins v. City of New York, 856 F. Supp. 755, 759 (S.D.N.Y. 1994)). In Atkins, the court agreed with the trend from

---

[1] It is questionable whether the United States Attorney for the Western District of New York can represent a federal official located in the Northern District of Florida, see 28 U.S.C. §§ 547 (duties of U.S. Attorney "within his district"), 545(a) (residence of U.S. Attorney "in the district for which he is appointed"). The Court received no response from the United States Attorney for this district to the joint motion.

other Circuits and held that the writ of habeas corpus ad testificandum has extraterritorial application, analogizing jurisdictional breadth the writ of habeas corpus ad subjiciendum was found to have by the Supreme Court in Carbo, 856 F. Supp. at 758-59, citing Muhammad v. Warden, Baltimore City Jail, 849 F.2d 107, 114 (4th Cir. 1988), citing in turn Carbo, supra, 364 U.S. 611).

    The Supreme Court in Carbo considered whether the United States District Court for the Southern District of California could issue a writ of habeas corpus ad prosequendum to try a defendant incarcerated in New York. The Court cited the power to grant the writ of habeas corpus under 28 U.S.C. § 2241(a) and held that the Southern District of California district court was authorized to issue that writ, 364 U.S. at 611-12, 613. The Court distinguished the ad prosequendum writ from the Great Writ of habeas corpus ad subjiciendum and held that the jurisdictional restriction under the All Writs Act, 28 U.S.C. § 1651(a), applied only to the Great Writ, id. at 617-19, 621. The writ ad posequendum "necessary as a tool for jurisdictional potency as well as administrative efficiency, extended to the entire country. The Great Writ, however, designed to relieve an individual from oppressive confinement, could well have been and properly was, at least as early as 1842, issuable only in the district of confinement," id. at 618 (footnote in original omitted). As noted by another court, the Supreme Court in Carbo expressly declined to decide the territorial scope of a writ of habeas corpus ad testificandum, Muhammad v. Warden, Baltimore City Jail, 849 F.2d 107, 114 (4th Cir. 1988).

    There is a dearth of cases dealing with the extraterritorial scope of the writ ad testificandum, see Adkins, supra, 856 F. Supp. at 758, with no decision on point from the United States Court of Appeals for the Second Circuit, see id. The cases in other Circuits have upheld

the extraterritorial application of the writ, Muhammad, supra, 849 F.2d at 114 (4th Cir. 1988); Itel Capital Corp. v. Dennis Mining Supply and Equip., Inc., 651 F.2d 405, 406-07 (5th Cir. 1981); Stone v. Morris, 546 F.2d 730, 737 (7th Cir. 1976), noting that the district court has the discretion to issue the writ, Itel, supra, 651 F.2d at 406; Stone, supra, 546 F.2d at 737.

One case similar to plaintiff's situation is Muhammad v. Warden, Baltimore City Jail, in which the plaintiff there, detained in the Baltimore City Jail on federal charges, sued prison officials for failing to prosecute another inmate for assaulting him and for covering up the assault, 849 F.2d at 109. While his action was pending, plaintiff was transferred to a federal prison in Terre Haute, Indiana, id. The district court then ordered that the case be administratively closed pending plaintiff's release from federal prison with plaintiff having the right to reopen the action. The district court noted that there was no provision in federal law for appropriation of funds to transport a civil plaintiff in an out-of-state prison to prosecute his civil rights action, id. at 110. The Fourth Circuit vacated, noting that the district court did not consider the use of a writ of habeas corpus ad testificandum, and then held that this writ had extraterritorial effect and was available there at the discretion of the district court, id. at 114.

Section 2241 requires that the writ of habeas corpus not be extended to a prisoner unless (among other conditions) that "it is necessary to bring him into court to testify or for trial," 28 U.S.C. § 2241(c)(5). This is the statutory authority for the writ of habeas corpus ad testificandum, see Itel, supra, 651 F.2d at 406-07. While noting that the Supreme Court, in Braden v. Kentucky, 410 U.S. 484 (1973), allows a writ of habeas corpus for an out of state inmate if the custodian can be served process, and that Federal Rule of Civil Procedure 4(f) (now Rule 4(k)(1)(C)) authorizes service only if allowed by federal statute, the Fifth Circuit in Itel

5

concluded that the statute applicable for the writ of habeas corpus <u>ad testificandum</u> is § 2241(c)(5), 651 F.2d at 406-07.

Here, plaintiff seeks the writ to participate in a video telephone conference among counsel in an attempt to settle the case; it will not elicit testimony and it is not a trial. The cases cited all involve some form of obtaining testimony or trial of the inmate for whom the writ of habeas corpus was sought, <u>e.g.</u>, <u>Carbo</u>, <u>supra</u>, 364 U.S. 611; <u>Atkins</u> <u>supra</u>, 856 F. Supp. at 758-59 (noting one circumstance that justifies issuance of writ is fact that it is required to produce a witness to testify); <u>Preslar</u>, <u>supra</u>, No. 00CV6103. Thus, the statutory authority for service beyond this state (and jurisdictional basis for the writ) under § 2241(c)(5) is absent here. Even if this writ had extraterritorial scope in these circumstances, the Court **declines** to exercise its discretion to order it here. Rather than issue an Order that no one may object to but has a questionable jurisdictional basis, the joint motion is **denied**.

The proper way to obtain this writ (if it is indeed available for the purposes intended by the parties) is to apply to the United States District Court for the Northern District of Florida, where the custodian of plaintiff resides, for the writ in an ancillary proceeding. Otherwise, the only formal notice of this proceeding to the Warden will be service of the writ, since the United States Attorney for the Western District of New York has been served with the moving papers and there is no record that anyone in Florida has been placed on notice about this proceeding. The United States Attorney for this district has not responded to this motion, nor has the United States Attorney for the Northern District of Florida (assuming word of this action reached that office).

An alternative way to conduct this settlement negotiations is to make arrangements for plaintiff to be present by telephone. This method may not require an extraordinary writ to ensure plaintiff's appearance, rather than the video teleconference preferred and sought by the parties. The parties have not asserted that such a conventional telephone conference would require a writ to get plaintiff to a telephone. If it did, their recourse would be to the court with personal jurisdiction over plaintiff's guardian, the Northern District of Florida.

## CONCLUSION

For the reasons stated above, the parties' joint application for an Order from this Court to issue a writ of habeas corpus ad testificandum upon the Warden of the FCI Marianna to allow plaintiff to participate in a video teleconference (Docket No. 76) is **denied without prejudice** to seeking similar relief (if appropriate) from the United States District Court for the Northern District of Florida. The parties' application for additional relief (access to the Court's teleconferencing facilities) is deemed **moot**.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
June 4, 2008